# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE HUNT,<br><br>  Plaintiff,<br><br>v.<br><br>ANDRE MATEVOUSIAN, et al.,<br><br>  Defendants. | Case No. 1:16-cv-01560-LJO-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR CLARIFICATION OF COURT'S SCREENING ORDER<br><br>(ECF No. 17)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Maurice Hunt ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

On November 17, 2017, the Court issued a screening order dismissing Plaintiff's complaint and granting leave to amend within thirty days. (ECF No. 16.) The Court found that Plaintiff stated a cognizable claim for excessive force against Defendants Helling, Gunn, and Graham and a failure to intervene claim against Defendant Hellmuth arising out of allegations that Plaintiff was assaulted on August 6, 2015. Plaintiff also stated a cognizable claim for excessive force against Defendant Villegas arising out of events on November 26, 2015. Plaintiff failed to state any other cognizable claims. Plaintiff was further informed that claims regarding the events of August 6, 2015 and claims regarding events of November 26, 2015 were improperly joined in this action. (Id.)

On December 14, 2017, Plaintiff filed the instant motion for clarification of the Court's screening order. (ECF No. 17.) Plaintiff requests that the Court consider the prejudice to

Plaintiff by dismissing this action rather than severing the improperly joined claims.  Plaintiff is concerned about potential statute of limitation issues that may occur if he files a new complaint. (Id.)

Plaintiff is advised that pursuant to the Court's November 17, 2017, screening order, there is no complaint on file at this time in this action.  (See ECF No. 16.)  If Plaintiff seeks to pursue claims in this action, he must file a first amended complaint.  At that time, the Court will conduct the appropriate prejudice analysis and address the disposition of any improperly joined claims.  Furthermore, the Court notes that the filing of an amended complaint, which asserts a claim that arose out of the conduct set out (or attempted to be set out) in the original pleading, relates back to the date of filing of the original complaint.  Fed. R. Civ. P. 15(c)(1)(B).  To allow Plaintiff time to receive the Court's order and file a first amended complaint, the Court will extend the applicable deadline.[1]

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for clarification (ECF No. 17) is GRANTED, as set forth above; and
2. Plaintiff's first amended complaint is due within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

Dated:  **December 15, 2017**        /s/ Barbara A. McAuliffe  _
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes the Supreme Court's recent decision in Ziglar v. Abbasi, 137 S. Ct. 1843 (2017).  The Supreme Court held in Ziglar that federal courts should exercise caution before extending the Bivens remedy to claims that are meaningfully different than "the three Bivens claims the Court has approved in the past: a claim against FBI agents for handcuffing a man in his own home without a warrant; a claim against a Congressman for firing his female secretary; and a claim against prison officials for failure to treat an inmate's asthma."  Id. at 1860 (citing Carlson v. Green, 446 U.S. 14 (1980); Davis v. Passman, 442 U.S. 228 (1979); Bivens, 403 U.S. 388).  If the instant matter is meaningfully different from those cases, courts must determine if special facts counsel against judicial extension of the Bivens remedy.  Id. at 1857 ("The Court's precedents now make clear that a Bivens remedy will not be available if there are special factors counseling hesitation in the absence of affirmative action by Congress." (internal quotation marks omitted)).
  Without an operative complaint, the Court cannot determine whether Plaintiff's claims are within the realm of the Supreme Court's Bivens precedents.  Therefore, the Court expresses no opinion at this time whether a Bivens remedy is available to Plaintiff.