# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE HUNT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ANDRE MATEVOUSIAN, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-01560-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITHOUT PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE<br><br>(ECF Nos. 16, 18)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Maurice Hunt ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

On November 17, 2017, the Court issued a screening order dismissing Plaintiff's complaint and granting leave to amend within thirty days. (ECF No. 16.)  The Court found that Plaintiff stated a cognizable claim for excessive force against Defendants Helling, Gunn, and Graham and a failure to intervene claim against Defendant Hellmuth arising out of allegations that Plaintiff was assaulted on August 6, 2015.  Plaintiff also stated a cognizable claim for excessive force against Defendant Villegas arising out of events on November 26, 2015.  Plaintiff failed to state any other cognizable claims.  Plaintiff was further informed that claims regarding the events of August 6, 2015 and claims regarding events of November 26, 2015 were improperly

1

joined in this action. (Id.)

On December 14, 2017, Plaintiff filed a motion for clarification of the Court's screening order, requesting that the Court consider the prejudice to Plaintiff by dismissing this action rather than severing the improperly joined claims, due to potential statute of limitation issues. (ECF No. 17.) On December 18, 2017, the Court issued an order, signed December 15, 2017, granting the motion. (ECF No. 18.) The order explained that Plaintiff must file a first amended complaint to pursue claims in this action, and at that time the Court would conduct the appropriate prejudice analysis and address the disposition of any improperly joined claims. The Court extended the deadline for Plaintiff to file a first amended complaint until thirty days following service of that order. (Id.) The deadline for Plaintiff's first amended complaint has expired, and Plaintiff has failed to file an amended complaint or otherwise comply with the Court's screening order.

**II.     Jurisdiction**

On January 8, 2018, Plaintiff filed a notice of appeal. The notice of appeal states that Plaintiff appeals the Court's December 15, 2017 and November 17, 2017 orders. As no final order has been entered in this action, the Court will treat Plaintiff's appeal as an interlocutory appeal.

Although there is an interlocutory appeal pending, the Court is not divested of jurisdiction to address Plaintiff's failure to prosecute this action. See United States v. Pitner, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002) (filing of interlocutory appeal "does not divest the trial court of jurisdiction over aspects of the case that are not the subject of the appeal") (citing Plotkin v. Pac. Tel. & Tel. Co., 688 F.2d 1291, 1293 (9th Cir. 1982)). The interlocutory appeal apparently relates to the Court's screening order and subsequent clarification order, and therefore does not divest the Court of jurisdiction to continue with other phases of the case. Plotkin, 688 F.2d at 1293. Therefore, Plaintiff remains obligated to comply with this Court's orders.

**III.    Failure to Prosecute and Failure to Obey a Court Order**

    **A.     Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

2

within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.     Discussion**

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262;

Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's November 17, 2017 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in dismissal of this action for failure to obey a court order. (ECF No. 16, p. 12.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

## IV. Conclusion and Recommendation

Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to obey a Court order and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 29, 2018**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE

4