# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE HUNT,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDRE MATEVOUSIAN, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01560-LJO-BAM (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 22)<br><br>ORDER REQUIRING PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Maurice Hunt ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

On November 17, 2017, the Court issued a screening order granting Plaintiff leave to file a first amended complaint. (ECF No. 16.) The Court found that Plaintiff stated a cognizable claim for excessive force against Defendants Helling, Gunn, and Graham and a failure to intervene claim against Defendant Hellmuth arising out of allegations that Plaintiff was assaulted on August 6, 2015. Plaintiff also stated a cognizable claim for excessive force against Defendant Villegas arising out of events on November 26, 2015. Plaintiff failed to state any other cognizable claims. Plaintiff was informed that claims regarding the events of August 6, 2015 and claims regarding the events of November 26, 2015 were improperly joined in this action. (Id.)

1

On December 14, 2017, Plaintiff filed a motion for clarification of the Court's screening order, requesting that the Court consider the prejudice to Plaintiff by dismissing this action rather than severing the improperly joined claims, due to potential statute of limitation issues. (ECF No. 17.) On December 18, 2017, the Court issued an order granting the motion. (ECF No. 18.) The order explained that Plaintiff must file a first amended complaint to pursue claims in this action, and at that time the Court would conduct the appropriate prejudice analysis and address the disposition of any improperly joined claims. The Court extended the deadline for Plaintiff to file a first amended complaint until thirty days following service of that order. (Id.)

On January 8, 2018, Plaintiff filed a notice of appeal. (ECF No. 19.) As no final order had been entered in this action, the Court treated Plaintiff's appeal as an interlocutory appeal. Thus, when Plaintiff failed to file a first amended complaint within the allotted time, the Court issued findings and recommendations recommending dismissal of this action, without prejudice, due to Plaintiff's failure to obey a court order and failure to prosecute. (ECF No. 22.) Plaintiff timely filed objections on February 9, 2018. (ECF No. 23.)

On February 27, 2018, the Court of Appeals for the Ninth Circuit issued an order dismissing Plaintiff's appeal for lack of jurisdiction because the orders challenged in the appeal were not final or appealable. (ECF No. 24.)

In his objections, Plaintiff argues that the filing of his notice of appeal divested the Court of jurisdiction over this action, and therefore the undersigned's recommendation of dismissal was premature and unnecessary. Plaintiff further contends that he believed in good faith that once he filed his notice of appeal with the Ninth Circuit, the Court lacked jurisdiction to hear further matters. Therefore, Plaintiff argues that his failure to file a first amended complaint is grounded in a reasonable interpretation of law. (Id.)

In light of Plaintiff's *pro se* status and the filing of his notice of appeal, the Court finds it appropriate to vacate its findings and recommendations and to provide Plaintiff with a **final** opportunity to file a first amended complaint.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Ashcroft

v. Iqbal, 556 U.S. 662, 678–79 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff also may not improperly join claims in this action. In any amended complaint, Plaintiff must choose which claims he seeks to pursue in this action.  If he fails to do so, the Court will conduct the appropriate prejudice analysis and address the disposition of any improperly joined claims.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on January 29, 2018, (ECF No. 22), are VACATED;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint; and
4. **If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and failure to prosecute.**

IT IS SO ORDERED.

Dated:  **April 16, 2018**          /s/ *Barbara A. McAuliffe*          
                                               UNITED STATES MAGISTRATE JUDGE