# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE HUNT,<br><br>        Plaintiff,<br><br>    v.<br><br>MATEVOUSIAN, et al.,<br><br>        Defendants. | Case No. 1:16-cv-01560-LJO-BAM (PC)<br><br>ORDER DENYING SECOND MOTION TO REOPEN CASE<br><br>(ECF No. 43) |

Plaintiff Maurice Hunt ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed Bureau of Narcotics, 403 U.S. 388 (1971).

On June 15, 2018, the assigned Magistrate Judge issued findings and recommendations recommending dismissal of this action, with prejudice, for failure to state a claim, and denial of Plaintiff's motion for preliminary injunction. (ECF No. 29.) Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Id. at 14.) Following two extensions of time, Plaintiff's objections were due on or before September 18, 2018. (ECF Nos. 32, 38.) No objections were filed, and the findings and recommendations were adopted in full on October 1, 2018. (ECF No. 39.) Judgment was entered accordingly the same day. (ECF No. 40.)

///

1

On October 18, 2018, Plaintiff filed a motion to reopen the case and allow him additional time to file his objections to the findings and recommendations, stating that he timely provided his written objections to prison officials for mailing, complete with postage. (ECF No. 41.) Finding no evidence of the preparing or mailing of Plaintiff's objections, beyond Plaintiff's vague, unspecific word, the Court found no good cause to grant reconsideration and denied the motion. (ECF No. 42.)

Currently before the Court is Plaintiff's second motion to reopen this matter, filed October 29, 2018. (ECF No. 43.) Specifically, Plaintiff argues that the Ninth Circuit case <u>Rodriguez v. Swartz</u>, 899 F.3d 719, 2018 U.S. App. Lexis 21930, (9th Cir. 2018), bears on the proper interpretation of the Supreme Court's opinion in <u>Ziglar v. Abassi</u>, and that holding warrants reconsideration of the Court's finding that Plaintiff has alternative remedies available to address his constitutional claims under the Eighth, Fifth, and Fourteenth Amendments. (<u>Id.</u>)

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, <u>U.S. v. Westlands Water Dist.</u>, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Although Plaintiff argues that he has newly discovered the <u>Rodriguez</u> case, due to a delay in updating the inmate law library system, the Court notes that the case was decided on August 7, 2018, two months prior to the dismissal of this action. The Court was aware of the ruling at the time the undersigned adopted the Magistrate Judge's findings and recommendations, and the case

2

is not applicable to this action.  In Rodriguez, the Ninth Circuit found a Bivens remedy was available with respect to the violation of a Mexican citizen's Fourth Amendment right in relation to an incident in which a United States Border Patrol agent, while standing on the United States side of the U.S.-Mexico border, shot and killed the Mexican citizen, who was walking down a street on the Mexican side of the border.  See Rodriguez, 899 F.3d 719.  The Ninth Circuit further held that the estate of the Mexican citizen lacked an adequate alternative remedy against the United States, in part because the claims arose in a foreign country, the difficulty of obtaining restitution following a criminal conviction, and the lack of evidence that a Mexican court could grant a remedy.  This holding presents no basis for reconsideration of the Court's finding in this action that Plaintiff has alternative remedies available to him, including the Bureau of Prisons administrative grievance process, the filing of a writ of habeas corpus, and injunctive relief.

Plaintiff has presented no new grounds that would warrant reconsideration of the Court's final order and judgment dismissing this action.  Accordingly, Plaintiff's motion for reconsideration and to reopen this action, (ECF No. 43), is HEREBY DENIED.  This action remains closed.

IT IS SO ORDERED.

Dated: __**November 29, 2018**__      _____/s/ Lawrence J. O'Neill_____
                                                           UNITED STATES CHIEF DISTRICT JUDGE