# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE HUNT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATEVOUSIAN, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-01560-LJO-BAM (PC)<br><br>Appeal No. 18-17464<br><br>ORDER REGARDING *IN FORMA PAUPERIS* STATUS ON APPEAL<br><br>(ECF No. 49) |

Plaintiff Maurice Hunt ("Plaintiff"), a federal prisoner proceeding *pro se* and *in forma pauperis*, initiated this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

By notice entered January 8, 2019, the United States Court of Appeals for the Ninth Circuit referred this matter to the District Court for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith. See 28 U.S.C. § 1915(a)(3); see also Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of in forma pauperis status is appropriate where the district court finds the appeal to be frivolous).

Permitting litigants to proceed in forma pauperis is a privilege, not a right. Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984); Williams v. Field, 394 F.2d 329, 332 (9th Cir. 1968), cert. denied, 393 U.S. 891 (1968); Williams v. Marshall, 795 F.Supp. 978, 978–79 (N.D.

1

Cal. 1992). A federal court may dismiss a claim filed in forma pauperis before service if it is satisfied that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2); see Sully v. Lungren, 842 F. Supp. 1230, 1231 (N.D. Cal. 1994). If a plaintiff with in forma pauperis status brings a case without arguable substance in law and fact, the court may declare the case frivolous. Franklin, 745 F.2d at 1227.

On November 17, 2017, the assigned Magistrate Judge issued a screening order finding that Plaintiff had stated some cognizable claims arising from two different events, and that those claims were improperly joined in this action. The order granted Plaintiff leave to file a first amended complaint in compliance with the applicable joinder rules. (ECF No. 16.)

Plaintiff then requested clarification of the screening order, specifically requesting that the Court consider the potential prejudice to Plaintiff of dismissing this action, and sua sponte severing the improperly joined claims. (ECF No. 17.) The Magistrate Judge provided such clarification in its December 18, 2017 order. That order explained that Plaintiff must file a first amended complaint to pursue claims in this action, and the Court would at that time conduct the appropriate prejudice analysis and address the disposition of any improperly joined claims. The order also noted the Supreme Court's recent decision in Ziglar v. Abbasi, 137 S. Ct. 1843 (2017), but expressed no opinion at that time whether a Bivens remedy would be available to Plaintiff under that standard. Plaintiff was granted a second opportunity to file an amended complaint. (ECF No. 18.)

On January 8, 2018, Plaintiff filed a notice of appeal. (ECF No. 19.) As no final order had been entered in this action, the appeal was treated as an interlocutory appeal. Thus, when Plaintiff failed to file a first amended complaint by the applicable deadline, the Magistrate Judge issued findings and recommendations to dismiss this action, without prejudice, due to Plaintiff's failure to obey a court order and failure to prosecute. (ECF No. 22.) On February 9, 2018, Plaintiff objected, arguing that he believed in good faith that the filing of his notice of appeal divested the Court of jurisdiction over this action, and he was therefore not required to file an amended complaint. (ECF No. 23.)

///

As Plaintiff's appeal was thereafter dismissed by the Court of Appeals for the Ninth Circuit for lack of jurisdiction, (ECF No. 24), the Court found it appropriate to vacate the findings and recommendations and grant Plaintiff a final opportunity to file a first amended complaint, (ECF No. 25).

Plaintiff then filed a motion again requesting that the Court sever any claims it considered improperly joined. (ECF No. 27.)

On June 15, 2018, the Magistrate Judge determined that, in light of Plaintiff's most recent motion, it was apparent that Plaintiff did not wish to file a first amended complaint. Therefore, the Magistrate Judge vacated the November 17, 2017 screening order and issued an amended screening order and findings and recommendations to dismiss this action for failure to state a claim. (ECF No. 29.) Despite two extensions of time, no objections were filed. On October 1, 2018, the findings and recommendations were adopted in full, and judgment was entered accordingly the same day. (ECF Nos. 39, 40.)

Plaintiff filed two motions to reopen this matter. First, Plaintiff argued that he had mailed objections to the findings and recommendations, but the Court had apparently not received them. (ECF No. 41.) The Court found no evidence of the preparing or mailing of the objections, beyond Plaintiff's vague and unspecific assertions, and therefore found no good cause to grant reconsideration of the dismissal. (ECF No. 42.) Plaintiff then argued that the Ninth Circuit case Rodriguez v. Swartz, 899 F.3d 719, 2018 U.S. App. Lexis 21930 (9th Cir. 2018), provided the proper interpretation of the Ziglar standard with respect to this case. (ECF No. 43.) The motion was again denied, as the Court found that Rodriguez was not applicable to the facts present in this action, and therefore presented no new grounds that would warrant reconsideration. (ECF No. 44.)

Throughout this action, Plaintiff was granted multiple opportunities to file an amended complaint curing the deficiencies identified by the Court's orders. Once it became apparent that Plaintiff had no interest in filing an amended complaint, the Court re-screened the original complaint using the applicable legal standards set forth in Ziglar. The Court again found that Plaintiff had failed to state a cognizable claim, and Plaintiff failed to file any objections before

3

dismissal of this action. Even after filing two separate motions for reconsideration, Plaintiff has been unable to present any procedural or substantive basis to reopen this action. As such, dismissal of this action was entirely appropriate.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The appeal is declared frivolous and not taken in good faith;
2. Pursuant to 28 U.S.C. § 1915(a)(3), Plaintiff is not entitled to proceed *in forma pauperis* in Appeal No. 18-17464, filed December 17, 2018;
3. Pursuant to Federal Rule of Appellate Procedure 24(a)(4), this order serves as notice to the parties and the United States Court of Appeals for the Ninth Circuit of the finding that Plaintiff is not entitled to proceed *in forma pauperis* for this appeal; and
4. The Clerk of the Court is directed to serve a copy of this order on the parties and the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated: **January 14, 2019**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE